**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Terri Smith,<br><br>           Plaintiff,<br><br>v.<br><br>Commissioner of Social Security Administration,<br><br>           Defendant. | No. CV-24-03014-PHX-JAT<br><br>**ORDER** |

Pending before the Court is the Commissioner of the Social Security Administration's ("Defendant," or "Commissioner") Motion to Dismiss (Doc. 15), Plaintiff Terri Smith's ("Plaintiff") Response to Motion to Dismiss (Doc. 16), and Defendant's Reply (Doc. 17). The Court now rules.

## I.     BACKGROUND

On January 5, 2023, an Administrative Law Judge ("ALJ") issued a decision denying Plaintiff's application for Social Security Benefits. (Doc. 15-1 at 5). Plaintiff subsequently sought review of the denial, and on December 7, 2023, the Appeals Council denied Plaintiff's request. (*Id.* at 26). The Appeals Council sent Plaintiff notice of its decision and of the right to commence a civil action within 60 days from the date of receipt of the notice. (*Id.* at 26–28). The notice further explained that the Appeals Council assumed Plaintiff received the letter five days after the date it was mailed. (*Id.* at 27).

On February 10, 2024, Plaintiff (in writing) requested an extension of time to file a civil action. (*Id.* at 32–33). On September 25, 2024, the Appeals Council responded by

1  sending a letter to Plaintiff granting her an additional 30 days from the date of the receipt
2  of the letter to file a civil action, again explaining that it assumed Plaintiff received the
3  letter five days after it was mailed. (*Id.* at 34). Given that this letter is dated September 25,
4  2024, Plaintiff's deadline to commence a civil action was October 30, 2024 (30 days plus
5  5 days for mailing). (*Id.*) Plaintiff filed her Complaint with this Court on November 1,
6  2024. (Doc. 1).

**II.   MOTION TO DISMISS**

Defendant argues that because Plaintiff's Complaint was untimely under the provisions of the Social Security Act, it fails to state a claim upon with relief can be granted pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6). (Doc. 15 at 2). Plaintiff requests that the Court "find good cause for late filing [and] equitable tolling." (Doc. 16 at 2).

**A. Legal Standard**

A defendant may move to dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To survive a Rule 12(b)(6) motion to dismiss, pursuant to Rule 8(a)(2), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Further, the complaint must assert "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Through its factual content, the complaint must permit the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In its review of a complaint for failure to state a claim, a court "must accept all well-pleaded facts as true." *Schwarz v. United States*, 234 F.3d 428, 435 (9th Cir. 2000). However, "[c]onclusory allegations and unreasonable inferences … are insufficient to defeat a motion to dismiss." *Sanders v. Brown*, 504 F.3d 903, 910 (9th Cir. 2007). A court may also consider documents not physically attached to the pleading, provided that their "contents are alleged in a complaint" and no party questions their authenticity. *Tunac v. United States*, 897 F.3d 1197, 1207 n.8 (9th Cir. 2018) (quoting *Branch v. Tunnell*, 14 F.3d

449, 454 (9th Cir. 1994)).

When "the running of the statute is apparent on the face of [a] complaint," a court may dismiss the complaint under Rule 12(b)(6) as barred by a statute of limitations. *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 969 (9th Cir. 2010). However, dismissal is appropriate only when a complaint's assertions, "read with the required liberality, would not permit the plaintiff to prove that the statute was tolled." *Morales v. City of Los Angeles*, 214 F.3d 1151, 1153 (9th Cir. 2000) (quoting *TwoRivers v. Lewis*, 174 F.3d 987, 991 (9th Cir. 1999)); *Supermail Cargo, Inc. v. United States*, 68 F.3d 1204, 1206 (9th Cir. 1995) (stating that when a motion to dismiss is based on a statute-of-limitations defense, it is granted "only if it appears beyond a doubt that plaintiffs can prove no set of facts that toll the statute.") (internal citation and quotation omitted). The equitable tolling doctrine "is not generally amenable to resolution by a 12(b)(6) motion," because its applicability "often depends on matters outside the pleadings." *Supermail Cargo, Inc.*, 68 F.3d at 1206 (internal citation and quotation omitted).

### B. "Good Cause"

As an initial matter, Plaintiff requests that the Court "find good cause for late filing of" this Complaint. (Doc. 16 at 2). However, "good cause" is the standard under which the Social Security Administration ("SSA") Appeals Council evaluates belated requests for review or requests to extend the deadline for filing a civil action. 20 C.F.R. §§ 416.1411, 416.1468(b), 416.1482. This standard does not apply to the Court's analysis of the statute of limitations. *See Hess v. Astrue*, No. CV 08-131-TUC-FRZ, 2009 WL 2513452, *3 (D. Ariz. Aug. 14, 2009) ("The Commissioner may extend the statute of limitations 'upon a minimal showing of hardship.' … The courts, however, follow a more stringent standard, tolling the statute of limitations only if the tolling is justified by 'traditional equitable tolling principles'"). Therefore, the Court declines to determine whether Plaintiff had "good cause" for failing to timely file her Complaint and instead focuses its analysis on the issue of whether Plaintiff is entitled to equitable tolling.

**C. Timeliness**

An individual wishing to obtain a review of any final decision of the Commissioner must commence a civil action "within sixty days after the mailing to [her] of notice of such decision or *within such further time as the Commissioner of Social Security may allow*." 42 U.S.C. § 405(g) (emphasis added). This statute of limitations "must be strictly construed" because it "is a condition on the waiver of sovereign immunity." *Bowen v. City of New York*, 476 U.S. 467, 479 (1986). Hence, in general, a court must dismiss a claimant's untimely complaint because it falls outside Congress's express consent to suit. *See Kaiser v. Blue Cross*, 347 F.3d 1107, 1117 (9th Cir. 2003); *see also United States v. Sherwood*, 312 U.S. 584, 586 (1941) ("the terms of [Congress's] consent to be sued in any court define that court's jurisdiction to entertain the suit").

There are rare circumstances, however, by which a court may allow an untimely complaint to proceed. First, under Social Security Administration ("SSA") regulations, the statute of limitations starts on the date a claimant receives notice of the Commissioner's decision. 20 C.F.R. § 422.210(c). "[U]nless there is a reasonable showing to the contrary," the presumed date of receipt of notice is "5 days after the date" on the notice. *Id.* As such, courts have permitted filing past the final date of the statute of limitations when claimants can show that another party's actions prevented the notice from arriving within five days' time. A claimant, for example, may show that the SSA delayed more than five days before mailing the notice. *See, e.g.*, *Matsibekker v. Heckler*, 738 F.2d 79, 81 (2d. Cir. 1984). However, unsupported allegations of "non-receipt within five days" are insufficient to rebut the presumption. *McLaughlin v. Astrue*, 443 F.App'x 571, 574 (1st Cir. 2011) (per curium).

Second, equitable estoppel and equitable tolling may halt the running of the statute of limitations. *Vernon v. Heckler*, 811 F.2d 1274, 1278 (9th Cir. 1987) (equitable estoppel); *Bowen*, 476 U.S. at 480 (equitable tolling). Equitable estoppel "focuses on the actions of the defendant," whereas equitable tolling "focuses on the plaintiff's excusable ignorance of the limitations period and on lack of prejudice to the defendant." *Socop-Gonzalez v.*

*I.N.S.*, 272 F.3d 1176, 1184 (9th Cir. 2001) (en banc) (internal citations and quotations omitted). Equitable estoppel applies only when the party to be estopped committed "affirmative misconduct." *Id.* Equitable tolling requires that a plaintiff show "(1) that [s]he has been pursuing [her] right diligently, and (2) that some extraordinary circumstance stood in [her] way." *Okafor v. United States*, 846 F.3d 337, 340 (9th Cir. 2017) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). Extraordinary circumstances can occur, for example, when a plaintiff lets a deadline pass as a result of a defendant's affirmative misconduct. *See Baldwin Cty. Welcome Ctr. v. Brown*, 466 U.S. 147, 151 (1984).[1] For example, in *Vernon*, the Ninth Circuit Court of Appeals remanded to give the claimant an "opportunity to delineate further a factual basis for estoppel or equitable tolling" where the complaint alleged that an SSA employee incorrectly assured the claimant that he would receive a filing extension. 811 F.2d at 1275, 1278.

Here, Defendant attached various documents to its Rule 12(b)(6) motion to dismiss, which generally is not permissible subject to some exceptions. *See* Fed. R. Civ. P. 12(d)[2]; *Supermail Cargo, Inc.*, 68 F.3d at 1206. In response to Defendant's allegation that Plaintiff's Complaint was not timely filed, Plaintiff argues:

> [Plaintiff] was unrepresented at the time of the federal court complaint and requested an extension of the deadline to find legal counsel. In a prior phone call with SSA personnel, she was told that the deadline runs from the postmark date on the envelope. We submit by exhibit the notes of the SSA personnel she spoke with [(Doc. 16-2)], the date of the conversation [(*Id.*)], and a photocopy of the envelope with the postmark date [(Doc. 16-1)]. Relying on that information from her conversation on [February 8, 2024], she calculated the filing date from the September 28, 2024 postmark date. It is clear from the federal court complaint filing date of November 1,

---

[1] Because a defendant's affirmative misconduct often serves to excuse a plaintiff's ignorance, when analyzing tolling, both the Ninth Circuit and the United States Supreme Court have often looked for affirmative misconduct on behalf of the opposing party. *E.g.*, *Bowen*, 476 U.S. at 480–82; *Burke v. Berryhill*, 706 Fed. App'x 381, 381 (9th Cir. 2017). However, as the Ninth Circuit has made clear, tolling does not *require* such conduct. *Socop-Gonzalez*, 272 F.3d at 1184–85.

[2] "Result of Presenting Matters Outside the Pleadings. If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion."

>2024, just one day past the deadline, that [Plaintiff] misunderstood the deadline and reasonably believed her complaint to be timely. Undersigned counsel was retained a month later on December 5, 2024.

(Doc. 16 at 1).

Plaintiff supplemented her Response with a signed affidavit,[3] stating:

> 1. On February 8, 2024, following receipt of the ALJ denial, I spoke with Caroline at Court Case Branch I and she told me the 65[-day] deadline started on the postmark date of the envelope.
> 2. The envelope for my Appeals Council denial is postmarked on September 28, 2024 with a 35[-]day extension to file an appeal.
> 3. Based on the information provided by SSA staff, I believe that I timely filed an appeal on November 1, 2024.

(Doc. 16-3 at 1).

Defendant replies and disputes that the February 8, 2024, phone call occurred. (Doc. 17 at 2) ("Defendant has no record of such a communication in February 2024."). Defendant further argues that even using the September 28, 2024, postmark date, Plaintiff's Complaint was still untimely (Defendant added 30 days to September 28, 2024 to reach a October 28, 2024 deadline). The Court believes Defendant misunderstands Plaintiff's argument. Plaintiff argues that she believed she had 35 days from the postmark date (30 days plus 5 days for mailing); thus, her deadline to file would have been November 2, 2024.

First the Court must determine procedurally which of the foregoing evidence it can consider in the context of a motion to dismiss. As discussed above, the Court can dismiss on statute of limitations grounds when the untimeliness is apparent on the face of the complaint. *Von Saher*, 592 F.3d at 969. Here, Plaintiff's Complaint states that her deadline to file a civil action began to run on September 25, 2024 (the date of the letter). (Doc. 1 at 2). Thus, on the face of Plaintiff's Complaint, her deadline to file was October 30, 2024. The filing date of the Complaint was November 1, 2024, and therefore, untimely on its

---

[3] Again, pursuant to Federal Rule of Civil Procedure 12(d), the Court generally cannot consider evidence outside the pleading in ruling on a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6).

- 6 -

face.

Notwithstanding that the Complaint is untimely on its face, Plaintiff now alleges facts not in her Complaint to argue for equitable tolling. When read with the required liberality, Plaintiff's claim that she received inaccurate information from an SSA employee could justify equitable tolling. Like the claimant in *Vernon*, Plaintiff alleges misconduct or error from an SSA employee caused her late filing. In *Vernon*, the claimant asserted that after receiving notice from the Appeals Council detailing his right to appeal, he received misinformation from an unidentified SSA employee regarding the filing deadline. *Vernon*, 811 F.2d at 1275. The court found his allegation sufficient to allow him to delineate a further factual basis for equitable tolling. *Id.* at 1278. Here, following notice from the Appeals Council detailing her right to appeal, Plaintiff similarly alleges that she received filing deadline misinformation from an SSA employee. (Doc. 16 at 1). In these circumstances:

> …it may be possible for Plaintiff to allege facts showing that the statute of limitations was tolled. If she can do so, Plaintiff may file an amended complaint. *Ajanovic v. O.F.F. Enters., Ltd.*, No. CV10-2487-PHX-DGC, 2012 WL 549876, at *2 (D. Ariz. Feb. 21, 2012) (granting leave to amend to allow opportunity to address the tolling of the statute of limitations). Any such complaint must specifically set forth facts demonstrating … the grounds on which the statute of limitations may have been tolled, and facts in support of those grounds.

*Eshetu v. Amazon Hum. Res.*, No. CV-24-03190-PHX-SPL, 2025 WL 327268, at *2 (D. Ariz. Jan. 29, 2025).

Thus, Plaintiff may amend her complaint. Should Plaintiff choose to amend, she can include her allegations of equitable tolling. Such allegations, if adequate, could then cause her Complaint to not be untimely on its face.

However, the next appropriate procedural steps are unclear. Assuming Plaintiff amends, Defendant may again move to dismiss. However, generally Defendant may not, in the context of a 12(b)(6) motion, attach or refer to evidence outside the pleadings. If Defendant does so, Defendant must explain a legal basis that would allow the Court to

1  consider such evidence. Even if Defendant moves again, and Plaintiff similarly opposes
2  the motion on equitable tolling grounds, as discussed above, equitable tolling "is not
3  generally amenable to resolution by a 12(b)(6) motion," because its applicability "often
4  depends on matters outside the pleadings." *Supermail Cargo, Inc.*, 68 F.3d at 1206 (internal
5  citation and quotation omitted).

      In *Vernon*, the court noted that it is possible that ultimately the **evidence** will not support Plaintiff's allegations. *See Vernon*, 811 F.2d at 1278 ("The task of showing a basis for equitably tolling the statute of limitations may … prove to be daunting."). However, if proven, an error in advice from SSA could establish a basis for equitable tolling of the limitation period. *Osornio v. Comm'r of Soc. Sec. Admin.*, No. CV-19-08267-PCT-GMS, 2020 WL 7714543, *3 (D. Ariz. Dec. 29, 2020) (finding that a similar alleged error "could toll the statute of limitations.").

      Both *Vernon* and *Osornio* were decided before the Supplemental Rules for Social Security Actions Under 42 U.S.C. § 405(g) (2022) (Supplemental Rules) were enacted. The Supplemental Rules "…establish a simplified procedure that recognizes the essentially appellate character of actions that seek only review of an individual's claims on a single administrative record…." Advisory Committee Notes 2022. And while the Supplemental Rules state, "[t]he Federal Rules of Civil Procedure also apply to a proceeding under these rules, except to the extent that they are inconsistent with these rules," Supp. Rule (1)(b), they also state that the procedure under Rule 5, "displaces summary judgment or such devices as a joint statement of facts as the means of review on the administrative record. Rule 5 also displaces local rules or practices that are inconsistent with the simplified procedure established by these Supplemental Rules for treating the action as one for review on the administrative record." Finally, the Supplemental Rules expressly allow for motions under Federal Rule of Civil Procedure 12, but not Federal Rule of Civil Procedure 56.

      Thus, it is unclear to the Court, assuming an equitable tolling argument in opposition to a statute of limitations motion to dismiss cannot be decided under Rule 12(b)(6), whether

the Court has the power to order discovery[4] under Rules 16 and 26 and/or proceed to summary judgment under Rule 56 on the statute of limitations issue consistent with the Supplemental Rules. If not, the Court is unclear what the alternative procedure would be. Accordingly, if Plaintiff amends her complaint, and if Defendant again moves to dismiss, and if Plaintiff again argues equitable tolling, both parties shall address whether the Court can resolve the motion under Rule 12(b)(6), and if not, what the appropriate next steps should be.

### III.   CONCLUSION

Considering the foregoing,

**IT IS ORDERED** that Defendant's Motion to Dismiss (Doc. 15) is granted. Plaintiff has 30 days from the date of this Order to file an amended complaint as specified above. If Plaintiff fails to file an amendment complaint within this deadline, the Clerk of the Court shall enter judgment dismissing this case without prejudice.

Dated this 4th day of April, 2025.

_James A. Teilborg_
Senior United States District Judge

---

[4] For example, as discussed above, Defendant claims it has no record of Plaintiff's February 8, 2024, phone call wherein she allegedly received the advice that forms the basis for her entire equitable tolling argument. Both sides may want discovery on this issue.